IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KHALED AL HAJ,** : | **CIVIL ACTION NO. 1:25-CV-1476** |
| : | |
| Petitioner : | (Judge Neary) |
| : | |
| v. : | |
| : | |
| **WARDEN GREENE,** : | |
| : | |
| Respondent : | |

### MEMORANDUM

This is a habeas corpus case filed under 28 U.S.C. § 2241. Petitioner, Khaled Al Haj, challenges the legality of a 2017 criminal conviction in the United States District Court for the Northern District of Texas. Al Haj asserts that his conviction is contrary to federal constitutional and statutory law and that his continued sentence is contrary to 18 U.S.C. § 4001 and the Universal Declaration of Human Rights. (Doc. 1). The petition will be dismissed without prejudice for lack of subject matter jurisdiction.

**I.**   **Legal Standard**

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4. District courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. § 2241. 28 U.S.C. § 2254 Rule 1.

## II. **Discussion**

Federal prisoners seeking post-conviction relief from their judgment of conviction or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. § 2255. See 28 U.S.C. § 2255(e). The United States Court of Appeals for the Third Circuit has observed that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 343 (1974)). Section 2255(e), often referred to as the saving clause, specifically prohibits federal courts from entertaining a federal prisoner's collateral challenge by an application for habeas corpus unless the court finds that a Section 2255 motion is "inadequate or ineffective." Id. at 120; 28 U.S.C. § 2255(e)).

To demonstrate that a Section 2255 motion is "inadequate or ineffective," the petitioner must show "that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle v. U.S. *ex rel.* Miner, 290 F.3d 536, 538 (3d Cir. 2002). Significantly, Section 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." Id. at 539. "It is the inefficacy of the [Section 2255] remedy, not the personal inability to utilize it, that is determinative." Id. at 538.

Al Haj's challenge to the legality of his conviction and sentence must be filed as a motion pursuant to Section 2255 in the sentencing court. He has not shown—or

2

even argued—that a Section 2255 motion would be inadequate or ineffective to adjudicate his claim. Thus, this court lacks jurisdiction over his petition.

### III. Conclusion

The petition for writ of habeas corpus is dismissed without prejudice for lack for lack of subject matter jurisdiction. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:   September 8, 2025